# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3172

_____

Donald Nyairo Ongori,        *
       *
       Petitioner,        *
       *
       *   Petition for Review of
       v.        *   an Order of the Board
       *   of Immigration Appeals.
Michael B. Mukasey,[1]        *
Attorney General        *   [UNPUBLISHED]
of the United States of America,        *
       *
       Respondent.        *

_____

Submitted: December 28, 2007
Filed: January 9, 2008

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenyan citizen Donald Nyairo Ongori petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition for the following reasons.

_____

[1]Michael B. Mukasey, now Attorney General of the United States, is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

First, we lack jurisdiction to review the determination that Ongori's asylum application was barred as untimely filed.  See 8 U.S.C. § 1158(a)(3); Ngure v. Ashcroft, 367 F.3d 975, 988-89 (8th Cir. 2004).  Second, we conclude that the denials of withholding of removal and CAT relief are supported by substantial evidence in the record.  See Ming Ming Wijono v. Gonzales, 439 F.3d 868, 872, 874 (8th Cir. 2006) (standard of review; withholding of removal requires showing of clear probability of persecution, which is same as showing persecution is more likely than not to occur; independent analysis of CAT claim is not required if claim was based upon same factual basis as claim for withholding of removal).  The incidents to which Ongori testified--breakup of rallies by police, minor injuries incurred during those breakups, two brief detentions, and temporary suspensions from school--do not amount to past persecution.  See Eusebio v. Ashcroft, 361 F.3d 1088, 1090-91 (8th Cir. 2004). Further, since Ongori's departure from Kenya, the government has changed, the party he supported is represented in parliament, and his parents have continued to reside in Kenya unharmed.  See Waweru v. Gonzales, 437 F.3d 199, 204-05 (1st Cir. 2006) (finding Kenyan citizen's fear of future harm not reasonable in light of changed country conditions); Bernal-Rendon v. Gonzales, 419 F.3d 877, 881 (8th Cir. 2005) (alien's fear of persecution is reduced when family remains unharmed in native country).

Accordingly, we deny the petition.

_____